**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

MARCOS ABSALON MENDEZ
VAZQUEZ,

          Petitioner,

    v.

JOHN MATTOS, *et al.*,

          Respondents.

Case No. 2:26-cv-00262-RFB-BNW

**ORDER GRANTING WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Marcos Absalon Mendez Vazquez's First Amended Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his civil detention at Nevada Southern Detention Center ("NSDC") in the custody of Immigration and Customs Enforcement ("ICE"). Petitioner asserts his detention by Respondents without opportunity for release on bond under 8 U.S.C. § 1225(b)(2)(A) violates the Immigration and Nationality Act ("INA") because he is properly detained under § 1226(a) and its implementing regulations and violates the Due Process Clause of the Fifth Amendment. See Petition ("Pet.") at 4-8, ECF No. 10.

The only authority Respondents provide for continuing to hold Petitioner in mandatory detention without opportunity for release on bond is their novel statutory interpretation of § 1225(b)(2)(A), which this Court has repeatedly found is unlawful. See, e.g., Jacobo-Ramirez v. Noem, No. 2:25-cv-02136-RFB-MDC, 2026 WL 310090 (D. Nev. Feb. 5, 2026) (collecting cases). For the following reasons, and consistent with its prior decisions, the Court finds Respondents' ongoing detention of Petitioner under § 1225(b)(2)(A) is unlawful under the INA and Due Process Clause. Thus, the Court grants the Petition and orders Respondents to provide Petitioner a prompt

bond hearing or immediately release him from custody.

The Court makes the following findings of fact. Petitioner is a 35-year-old native and citizen of Mexico who has resided in the United States for nearly 21 years, after entering the country without inspection as a minor. See ECF No. 10 at 3. He has no criminal history and has resided in Pahrump, Nevada for the last eight years. See id. On June 21, 2025, Petitioner was taken into custody by ICE in Las Vegas, Nevada, and the Department of Homeland Security ("DHS") concurrently commenced removal proceedings against him through the issuance of a Notice to Appear ("NTA"), charging him as, *inter alia*, being present in the United States without admission or parole and therefore removable under 8 U.S.C. § 1182(a)(6)(A)(i). See Form I-213 & Notice to Appear, ECF Nos. 18-1, 18-2. Petitioner has not received a bond hearing to-date, and Respondents assert that Petitioner is properly detained under 8 U.S.C. § 1225(b)(2)(A). See ECF No. 18 at 3.

Consistent with its prior decisions, the Court rejects Respondents' and the Board of Immigration Appeals' ("BIA"), set forth in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025) [hereinafter "Hurtado"], statutory interpretation of § 1225(b)(2)(A) as applied to noncitizens like Petitioner, who was arrested by ICE far from any border or port of entry after years of residence in this country, for the reasons discussed in detail in this Court's previous decisions, which the Court incorporates and adopts by reference in this case. See, e.g., Escobar Salgado v. Mattos, ---- F.Supp.3d ---, No. 2:25-CV-01872-RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025); Jacobo Ramirez v. Noem, --- F. Supp. 3d ---, No. 2:25-CV-02136-RFB-MDC, 2025 WL 3270137, at *7-11 (D. Nev. Nov. 24, 2025). The Court is not persuaded to reconsider its statutory analysis by the small pool of nonbinding case law Respondents cite, including the recent Fifth Circuit decision in Buenrostro-Mendez v. Bondi, Nos. 25-20496 & 25-40701, 2026 WL 323330 (slip op.) (5th Cir. Feb. 6, 2026), for many of the reasons identified in dissent by Judge Douglas, see id., at *10-18 (Douglas, J., dissenting), and by other district courts. See, e.g., Carbajal v. Wimmer, No. 2:26-CV-00093, 2026 WL 353510, at *4 (D. Utah Feb. 9, 2026); Singh v. Baltazar, No. 1:26-CV-00336-CNS, 2026 WL 352870 (D. Colo. Feb. 9, 2026).

Moreover, Buenrostro-Mendez did not address an as applied constitutional challenge to Respondents' detention policy under § 1225(b)(2)(A), which Petitioner raises here. The Court

incorporates by reference the legal authorities and standards set forth in Escobar Salgado regarding the due process rights of noncitizens in Petitioner's position, including the Court's findings regarding Respondents' erroneous reliance on Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S. 103 (2020) to contend that all undocumented noncitizens present in this country have no right to due process under the Constitution. 2025 WL 3205356, at *22-24; see also Padilla v. U.S. Immig. and Cust. Enf't, 704 F. Supp. 3d 1163 (W.D. Wash. 2023). Consistent with its prior decisions the Court finds that Respondents' civil detention of Petitioner without a bond hearing and without providing any individualized, constitutionally recognized justification for his detention violates his procedural and substantive due process rights. See id.

The Court therefore orders Respondents to provide Petitioner a constitutionally adequate bond hearing pursuant to 8 U.SC. § 1226(a) and its implementing regulations, wherein the government bears the burden of establishing, by clear and convincing evidence, an individualized, constitutionally recognized interest in civilly detaining Petitioner, *i.e.*, that his detention is necessary to prevent danger to the community or to ensure his future appearance at removal proceedings. See Singh v. Holder, 638 F.3d 1196, 1203 (9th Cir. 2011) ("Given the substantial liberty interest at stake . . . we hold that the government must prove by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond.") abrogation on other grounds recognized by Rodriguez Diaz v. Garland, 53 F.4th 1189 (9th Cir. 2022); see also Martinez v. Clark, 124 F.4th 775, 785 (9th Cir. 2024) ("[T]he BIA properly noted that the government bore the burden to establish by clear and convincing evidence that [a detained noncitizen] is a danger to the community").

Consistent with its broad equitable authority to fashion a remedy for unlawful detention "as law and justice require," and considering the constitutional injury Petitioner has suffered and continues to suffer due to Respondents continued enforcement of unlawful detention policies, the Court orders Respondents to provide a bond hearing promptly, no later than **March 11, 2026**, or immediately release him from custody on his own recognizance. See Carafas v. LaVallee, 391 U.S. 234, 238 (1968).

Based on the foregoing **IT IS HEREBY ORDERED** the (ECF No. 10) First Amended

Petition for Writ of Habeas Corpus is **GRANTED**.

**IT IS FURTHER ORDERED** (ECF No. 11) Motion to Seal is **GRANTED**. Applying the "compelling reasons" standard set forth in Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006), the Court finds Mr. Mendez Vazquez's privacy interest in his confidential medical records, which are enclosed in the supplement Petitioner seeks to seal, is a compelling reason that outweighs the public's interest in accessing said documents.

**IT IS FURTHER ORDERED** that Respondents must provide Petitioner with a constitutionally adequate bond hearing pursuant to 8 U.S.C. § 1226(a), where the government bears the burden of establishing dangerousness or flight risk by clear and convincing evidence, no later than **March 11, 2026**. The immigration court must create a contemporaneous record of the bond hearing that is available to Petitioner upon request, see Singh, 638 F.3d at 1208, and consider Petitioner's financial circumstances as well as possible alternative release conditions in setting bond, see Hernandez v. Sessions, 872 F.3d 976, 990 (9th Cir. 2017).

**IT IS FURTHER ORDERED** that if bond is granted, Respondents are **ORDERED** to **IMMEDIATELY RELEASE** Petitioner from detention. The Court has received notice of the hardship other petitioners have incurred in their efforts to satisfy bond through ICE payment portals, and, therefore, **IT IS FURTHER ORDERERD** that Petitioner be afforded until **April 11, 2026** to satisfy any monetary bond conditions.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from invoking 8 C.F.R. § 1003.19(i)(2) to continue Petitioner's detention, as the Court has already found the regulatory automatic stay is facially unconstitutional and adopts that finding here. See Herrera v. Knight, 798 F. Supp. 3d 1184 (D. Nev. 2025).

**IT IS FURTHER ORDERED** that if a constitutionally adequate bond hearing is not conducted by **March 11, 2026**, Respondents must **IMMEDIATELY RELEASE PETITIONER** from custody **ON HIS OWN RECOGNIZANCE**.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from detaining Petitioner during the pendency of his current removal proceedings unless and until it is determined that his detention is warranted under § 1226(a) after a constitutionally adequate

bond hearing.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A).

**IT IS FURTHER ORDERED** that the Parties shall file a joint status report by **March 12, 2026**. The status report shall detail if the bond hearing occurred, if bond was granted or denied, and, if denied, the reasons for that denial. If bond was granted or the bond hearing has not occurred, the status report shall confirm Petitioner's release from detention in compliance with this Order.

The Clerk of Court is instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this case to enforce the judgment without filing a separate case. The Court also retains jurisdiction to consider Petitioner's request for fees and costs pursuant to the 28 U.S.C. § 2412. Petitioner may file an application for fees and costs consistent with the deadlines and requirements set forth in 28 U.S.C. § 2412 and this Court's Local Rules of Practice 54-1 and 54-14.

**DATED:** March 9, 2026.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**